SELECTMEN OF ROCKPORT *vs.* BENJAMIN F. ELWELL (by amendment LOUISA L. ELWELL, administratrix).

Essex.   November 4, 1914. — November 24, 1914.

Present: RUGG, C. J., HAMMOND, SHELDON, DE COURCY, & CROSBY, JJ.

*Equity Jurisdiction,* To enjoin pollution of water supply.   *Water Supply.*
*Cape Pond.*

In a suit in equity under R. L. c. 75, §§ 124, 126, by the selectmen of the town of
Rockport against the proprietor of a fish glue factory to enjoin the defendant
from polluting the waters of Cape Pond, which has an area of about forty acres
and is a source of water supply for the town of Rockport, where it appeared
from the findings of a master on evidence not reported that there was no
feeder or tributary flowing into Cape Pond, that no filter basin was located
there and that "analyses of the waters of the pond do not disclose evidence of
the presence of impurities from the waste from the defendant's factory," a
decree dismissing the bill was affirmed with costs.

DE COURCY, J.   Cape Pond, which has an area of about forty
acres, is a source of water supply for the town of Rockport.
Northeasterly and from twelve to fifteen hundred feet distant
from the pond, and on this water shed, is the defendant's glue
factory.   He has been engaged in the manufacture of fish glue
at this place since 1901, and on a location near by for twenty
years before that time.   Although the defendant Benjamin F.
Elwell has died since the hearings were held, and the adminis-
tratrix of his estate has entered her appearance, we shall refer to
him as the defendant.

The waste water from the factory is drained into two disposal
basins, where it is exposed to evaporation and absorption in the
adjacent soil.   A drain to take care of the overflow, when both
basins are full, leads from Basin No. 2 into Cat Tail swamp,
about fourteen hundred feet from the pond.   The intervening
land has a general slope toward the pond, is largely wooded, and
the character of the soil is what is known as swampy peat and
muck, with practically no filtering capacity.

This bill in equity is brought to enjoin the defendant under

the provisions of R. L. c. 75, §§ 124, 126.* The master to whom the case was referred † viewed the premises; and at the hearings before him experts testified, chemical analyses were submitted, and the records of the State board of health were used. See R. L. c. 75, §§ 112, 113. The plaintiffs filed exceptions to the report, based on the failure of the master to find certain facts as requested by them; but these must be overruled as we have not before us the evidence on which the findings were made.

The statute in question provides prompt injunctive relief where polluting matter is discharged (1) into a pond used as a source of water supply; (2) upon its banks or shore, if any filter basin so used is there situated; or (3) into any feeder of such pond within twenty miles above the point where such supply is taken. It is apparent from the master's report, however, that there is no feeder or tributary flowing into Cape Pond. Admittedly there is no filter basin located there. And his fifteenth finding, namely, "Analyses of the waters of the pond do not disclose evidence of the presence of impurities from the waste from the defendant's factory," negatives the contention that the defendant has discharged polluting matter into the pond itself. In other words, the plaintiffs have failed to make out a case under the section of the statute which they invoked.

It may be added that the master found that no action, with reference to the defendant's factory or business, has been taken

* The provisions referred to are as follows:

"Section 124. No sewage, drainage, refuse or polluting matter, of such kind and amount as either by itself or in connection with other matter will corrupt or impair the quality of the water of any pond or stream used as a source of ice or water supply by a city, town, public institution or water company for domestic use, or render it injurious to health, and no human excrement, shall be discharged into any such stream or pond, or upon their banks if any filter basin so used is there situated, or into any feeders of such pond or stream within twenty miles above the point where such supply is taken."

"Section 126. The Supreme Judicial Court or the Superior Court, upon application of the mayor of a city, the selectmen of a town, managing board or officer of a public institution, or a water or ice company interested, shall have jurisdiction in equity to enjoin the violation of the provisions of section one hundred and twenty-four."

† James H. Sisk, Esquire.

by the board of health of the town of Rockport under the provisions of R. L. c. 75, § 91; nor by the State board of health under R. L. c. 75, §§ 108, 109, regulating the exercise of offensive trades.

*Decree * affirmed with costs.*

*J. M. Marshall,* for the plaintiffs.

*F. H. Tarr,* for the defendant.

---

* Dismissing the bill made by *Hamilton,* J.   The plaintiffs appealed.